UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS ECKHARDT, an individual, | No. 2:22-cv-01747 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| DYNAMIC GAMING SOLUTIONS, an Oklahoma corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

      This case is before the undersigned pursuant to Local Rule 302(c)(21) as of August 4, 2023. ECF No. 18. Plaintiff is proceeding pro se following the withdrawal of counsel. ECF No. 16. Before the court is a discovery motion by defendant seeking to continue plaintiff's deposition and require him to answer certain questions he previously refused to answer. ECF No. 28. This motion is referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The motion was noticed for March 20, 2024, the last day to have discovery motions heard per the scheduling order. ECF No. 27 at 2. Fact discovery closes on April 10, 2024. Id.

      Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties meet and confer and file a joint discovery statement. Here, though the notice of motion states that "Plaintiff is requested to help draft a Joint Statement re Discovery Disagreement pursuant to Local Rule 251(c) and Judge Claire's Standing Order" (ECF No. 28 at 2), no joint discovery

statement has been filed; instead, defendant filed a memorandum in support of its motion. ECF No. 31. Though this document states that defendant attempted to meet and confer regarding the continuation of plaintiff's deposition (ECF No. 3-1 at 94-102), there is no indication that defendant attempted to meet and confer with plaintiff about the motion to compel itself, or that defendant made any effort to obtain a joint statement. There is also no indication that the motion or memorandum in support of the motion was ever served on plaintiff.

Defendant states that written communication was is only option for meet and confer with plaintiff because as of November 17, 2023, plaintiff stated via email that he did not want to speak with defense counsel via telephone without a witness. ECF No. 31-1. But defendant did not file any record of attempts to meet and confer with plaintiff about the pending motion, written or otherwise. Defendant also notes that plaintiff contacted the court about becoming an e-filer. ECF No. 30. Importantly, the docket notation referenced provides plaintiff instructions on how to properly request e-filing, but does not grant plaintiff access to e-filing. Id. Because plaintiff remains a paper filer, neither defendant nor the court can assume that plaintiff had notice of the motion to compel simply by virtue of its filing.

Because defendant, the moving party, did not satisfy Local Rule 251(b)'s meet and confer requirement or the joint discovery statement requirement, the motion to compel discovery will be denied. See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D.Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing). The court will not grant a motion where it is not clear that the opposing party had notice and an opportunity to oppose the motion. Denial is without prejudice, though the opportunity to have discovery motions heard by the court is now closed per the scheduling order. For all the reasons set forth above, IT IS HEREBY ORDERED that the motion to compel (ECF No. 28) is DENIED.

IT IS SO ORDERED.

DATE: March 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE