UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS ECKHARDT, | No. 2:22-cv-01747 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| DYNAMIC GAMING SOLUTIONS LLC, | |
| Defendant. | |

Plaintiff is appearing in this matter in pro se and has paid the filing fee. ECF No. 1. This matter is before the court on several related motions brought by plaintiff. First, in a motion filed May 21, 2024, plaintiff moved for sanctions against defense counsel. ECF No. 34. Defendant opposed the motion. ECF No. 42. Then, in a motion filed July 9, 2024, plaintiff filed an amended motion for sanctions against defense counsel. ECF No. 44. The front page of the motion indicates that it is the "correct version" of the motion for sanctions and is intended to replace the earlier draft. ECF No. 44 at 1. Plaintiff subsequently submitted three additional motions (ECF Nos. 51, 53, and 57), which largely assert that the court has unreasonably delayed in ruling on the motion for sanctions and on issues raised in prior briefing. For the reasons that follow, each of these motions is DENIED.

////

////

1

I. MOTIONS FOR SANCTIONS

Plaintiff's motion for sanctions at ECF No. 34 was replaced by his amended motion for sanctions at ECF No. 44. The motion at ECF No. 34 is therefore denied as MOOT. The operative "Amended Motion for Sanctions" was filed on July 9, 2024. ECF No. 44. Plaintiff's 124-page amended motion for sanctions "is based on the grounds that the Defendant's Counsel and The Firm Gordon, Reese, Sculley, Mansukhani have conducted themselves in a deceitful, unethical, and wanton manner. Their actions aim to intimidate, frustrate, and cause emotional distress to the Plaintiff, constituting moral turpitude, with the intent of coercing the Plaintiff into accepting a substantially lower settlement." ECF No. 44 at 3. This motion must be denied for several reasons. First, the motion violates the court's standing orders, which limit moving papers in non-discovery matters to 20 pages and requires a joint statement of no more than 25 pages for discovery matters.[1] Second, plaintiff's motion makes arguments going to the merits of his case, which do not provide any basis for sanctions. See, e.g., ECF No. 44 at 5-58. Third, plaintiff's brief contains broad allegations of misconduct with no supporting facts. See, e.g., ECF No. 44 at 63 ("The defense counsel concealing all information regarding Plaintiffs termination in order to conceal that the defendant has committed fraud, is fraudulent in itself.") The motion does not articulate any legal or factual basis upon which the court could or should sanction defendant or defense counsel.

The motion for sanctions is legally frivolous and must be DENIED.

II. REMAINING MOTIONS

On July 22, 2024, just short of two weeks after filing his motion for sanctions, plaintiff filed a "Motion for More Diffinitive [*sic*.] Answers Regarding Violations and Misconduct Reported." ECF No. 51. Defendant opposed the motion. ECF No. 52. The motion raises various grievances, none of which relate to seeking a more definite statement of any matters asserted in a pleading or paper from defendant. Instead, plaintiff argues that the court has

---

[1] Judge Claire's standing orders can be found on the Court's website at https://www.caed.uscourts.gov/CAEDnew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/.

2

overlooked discovery related concerns that he raised in "the Trial setting Conference filed on October 19, 2023, and the opposition filed against a third-party subpoena that was initially opposed on March 5, 2024." ECF No. 51 at 1.

A review of the docket reveals the following. On August 4, 2023, the undersigned set a scheduling conference in this case and ordered the parties to file status reports fourteen days in advance (September 27, 2023). ECF No. 20. Defendant filed a status report on September 27, 2023. ECF No. 24. Plaintiff did not file a timely report. The court took the scheduling conference under submission. ECF No. 35. Plaintiff filed an untimely status report on October 10, 2023. ECF No. 26. The court issued a schedule in this case on October 13, 2023. Nothing was filed on March 5, 2024. On March 4, 2024, the court issued a minute order noting that plaintiff had contacted the court regarding becoming an electronic filer, and the court directed plaintiff to Local Rule 133. ECF No. 30. On March 6, 2024, defendant filed a brief in support of a motion to compel that it had previously noticed. ECF No. 31. The motion to compel was denied because defendant failed to show adequate efforts to meet and confer with plaintiff. ECF No. 32.

Plaintiff now takes issue with the court's failure to address substantive matters raised in his untimely scheduling report, which was filed approximately eight months before the motion at bar, and with his objections to a third party subpoena, which were never filed. This motion fails for several reasons. First, plaintiff's filing of October 10, 2023 was untimely, was not styled as a motion, and did not contain any clear request for relief. It was a scheduling statement and status report. ECF No. 26. The case schedule was set more than 9 months before plaintiff brought the instant motion, and he failed to raise any timely objection to its contents. Second, discovery in this case closed March 10, 2024 (ECF No. 27), months before plaintiff filed this motion. To the extent plaintiff seeks relief regarding discovery, his opportunity to seek such relief has passed. Plaintiff did not notice any timely discovery motions. The motion at bar is untimely and without merit and is DENIED.

On August 9, 2024 and August 19, 2024, plaintiff filed motions for ex parte emergency relief, asserting that he has been prejudiced by the court's delay in ruling on the above-discussed

motions, and demanding a ruling. To the extent that plaintiff seeks rulings on his motions at ECF Nos. 34, 44 and 51, those motions are resolved by this order and the requests for emergency relief are therefore moot. To the extent that plaintiff seeks any other relief on the grounds of alleged prejudice, the requests are meritless. The oldest pending non-moot motion in this case has been pending for six weeks. Plaintiff is litigating in one of the most impacted federal courts in the country, and a six-week gap between a filing and a ruling is neither unreasonable nor unusual. Plaintiff's applications are without basis in law or fact and are DENIED as frivolous.

### III.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that the motion at ECF No. 34 is DENIED as MOOT, and the motions at ECF Nos. 44, 51, 53, and 57 are DENIED.

IT IS SO ORDERED.

DATED: August 21, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE