UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Eckhardt,<br><br>             Plaintiff,<br><br>   v.<br><br>Dynamic Gaming Solutions, et al.,<br><br>             Defendants. | No. 2:22-cv-01747-KJM-AC<br><br>ORDER |

As explained in this order, plaintiff Chris Eckhardt's complaint is **dismissed** as a sanction for his failure to comply with court orders.

Eckhardt originally filed this action in late 2022. *See generally* Compl., ECF No. 1. He alleges his former employer, Dynamic Gaming Solutions, terminated his employment after he requested an accommodation for a disability, and he is pursuing claims under the California Fair Employment and Housing Act, Labor Code, Unfair Competition Law and common law. *See generally id.* Dynamic Gaming appeared and answered the complaint. ECF No. 6.

Eckhardt was represented by counsel at the time he filed his complaint. *See* Compl. at 1. In June 2023, however, his counsel moved to withdraw. ECF No. 12. In a declaration attached to that motion, one of his attorneys explained there had been "an irreconcilable breakdown in the attorney-client relationship" and confirmed Eckhardt had asked him to withdraw. Alfi Decl. ¶¶ 2, 7, ECF No. 12-1. The court granted that motion. *See* Order (Aug. 3, 2023), ECF No. 16.

1

1    Because Eckhardt was proceeding without an attorney, the matter was referred to the
2    assigned Magistrate Judge for all pretrial proceedings under the Local Rules of this district.  *See*
3    E.D. Cal. L.R. 302(c)(21).  She set a pretrial scheduling conference and instructed the parties to
4    file status reports no later than fourteen days in advance.  ECF No. 20.  Dynamic Gaming filed a
5    status report by that deadline.  ECF No. 24.  Eckhardt's report was several days late, and he did
6    not address each of the topics the Magistrate Judge had instructed him and Dynamic Gaming to
7    address, such as the "report required by Federal Rule of Civil Procedure 26 outlining the
8    proposed discovery plan."  ECF No. 26.  The Magistrate Judge nevertheless reviewed the parties'
9    statements and issued a pretrial scheduling order setting deadlines for discovery and pretrial
10   motions.  *See* Order (Oct. 13, 2023), ECF No. 27.  The Magistrate Judge also gave Eckhardt
11   permission to file documents electronically, *see* Order (May 31, 2024), ECF No. 39, but for
12   reasons that remain unclear, he did not set up his account to file documents electronically for
13   several months, as explained further below, *see* Min. Order, ECF No. 68.

14   The case moved forward, and the parties filed a variety of motions related to discovery
15   and requests for sanctions, but no motions for summary judgment, nor any similarly dispositive
16   motions.  *See generally* Order (Aug. 22, 2024), ECF No. 58 (denying plaintiff's motions for
17   sanctions and a more definite statement); Order (Mar. 21, 2024), ECF No. 32 (denying
18   defendant's motion to compel plaintiff to answer questions in deposition).  After the deadline for
19   summary judgment motions and other dispositive motions passed, the court scheduled a final
20   pretrial conference and required the parties to meet and confer and file a joint pretrial statement.
21   ECF Nos. 63, 64.[1]

22   In the days and weeks that followed, Eckhardt improperly attempted to file documents by
23   sending emails to the courtroom deputy, rather than by setting up his account and filing
24   electronically.  He also sent accusatory emails to court staff, and he refused to follow instructions.

---

[1] The court set the final pretrial conference by filing a minute order on June 27, 2025, then rescheduled the final pretrial conference by filing a second minute order on July 8, 2025.  Both of these orders instructed the parties to meet and confer and file a joint statement in advance of the final pretrial conference.  Only the second minute order was immediately served on Eckhardt by mail, but the clerk's office later served the original minute order by mail and email on August 26, 2025.

2

1   The court ordered him to stop attempting to file documents by email and to instead complete the
2   process for electronic filing. ECF No. 68. Despite this order and similar instructions from court
3   staff, Eckhardt continued to communicate with the court and its staff inappropriately, so the court
4   ordered him to show cause why it should not revoke his electronic filing privileges. ECF No. 69.

5   Eckhardt did ultimately set up his account, but he has not responded to the order to show
6   cause. Nor did he meet and confer with defense counsel about the final pretrial conference and
7   joint report as the court had ordered, despite multiple attempts defense counsel represents they
8   made to schedule a meeting. *See* Final Pretrial Statement at 13–15, ECF No. 70. The court
9   therefore ordered Eckhardt to show cause why this case should not be dismissed and to file a
10  status report addressing "all issues identified in Local Rule 281." ECF Nos. 71, 72. The court
11  warned if he did not comply, it might impose sanctions, including fines and the dismissal of his
12  case. Eckhardt filed a response electronically. ECF No. 74. He does not address the issues
13  identified in Local Rule 281, but he urges the court not to dismiss his complaint, making two sets
14  of arguments.

15  First, Eckhardt argues he has complied with all court orders and has responded to all
16  discovery requests in good faith. *See id.* at 4–5. These claims are unsupported, however, and
17  they are at least partially and demonstrably incorrect. As summarized above, Eckhardt has
18  disregarded court orders and missed multiple deadlines, and he did not meet and confer with
19  defense counsel to prepare a final pretrial conference statement. Eckhardt also paints an ugly
20  picture of Dynamic Gaming and its counsel. He argues they stymied his attempts to obtain
21  information and documents during discovery, "bombard[ed]" him with "burdensome" and
22  "ridiculously" irrelevant discovery requests, and otherwise used "bad faith tactics" to interfere
23  with his "ability to litigate." *Id.* at 4. If these claims are true, Eckhardt could and should have
24  requested and obtained relief from the Magistrate Judge during the time for discovery and pretrial
25  litigation—not now, when it is time to prepare for trial.

26  Second, Eckhardt makes several arguments about the docket, the case schedule, and his
27  past filings. He points out correctly that a trial date is not currently set, but he argues incorrectly
28  that the deadline for dispositive motions has not yet passed. *See id.* at 2–3. He also makes a

variety of conspiratorial and unsubstantiated claims about the court and its staff: he believes someone has been terminating his motions or otherwise removing them from the docket soon after they were filed; he argues without support that the Magistrate Judge issued orders beyond her authority; he claims court staff have "roundly ignored" his correspondence and requests for assistance; and he accuses the court and its staff of otherwise altering the docket, manipulating case deadlines and forging court orders. *Id.* at 2–4.  He supports these allegations with neither evidence nor specifics.  Eckhardt similarly blames defense counsel for the difficulties he has experienced when attempting to file documents electronically.  He believes defense counsel sent him a computer virus electronically, and he claims this virus has prevented him from logging into the electronic case filing system. *Id.* at 3–4.  Again, however, he supports none of these claims with evidence or specifics.

This district's local rules provide that a party's failure to comply with a court order may lead to sanctions authorized by statute, the Federal Rules of Civil Procedure, or a district court's "inherent power."  E.D. Cal. L.R. 110.  Dismissal is one sanction a district court may impose when a plaintiff does not comply with its orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  But "because dismissal is such a severe remedy," district courts must "weigh several factors" when they decide whether to impose dismissal as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831.

In this case, these factors weigh uniformly in favor of dismissal.  First, Eckhardt's repeated failures to participate in scheduling and trial preparation have prevented the case from reaching a resolution on its merits.  Despite specific and direct orders, Eckhardt has never provided the trial preparation materials required by the Local Rules.  For this reason, factors one and four weigh against continued litigation.  The second factor likewise favors dismissal. Eckhardt has made unsupported and sometimes outlandish allegations against the court, its staff,

1  and the attorneys representing defendants, including in his response to the order to show cause, as
2  summarized above.  His actions in this respect have interfered with the court's managing its
3  docket.  Next, with respect to the third factor, the court perceives no prejudice that dismissal
4  would cause to Dynamic Gaming; rather Dynamic Gaming will be prejudiced by continuing to
5  have to litigate this case without Eckhardt's carrying his burden to advance the case according to
6  the rules and on the schedule the court has set.  Finally, as to fifth factor, the court has expressly
7  warned Eckhardt that failing to follow orders may lead to sanctions, including dismissal, but he
8  has not complied.  No other less drastic sanction has proven effective.  In sum, Eckhardt has
9  demonstrated he is unwilling to do what is necessary to prepare for a trial at a time when the court
10  and the defendant are prepared to proceed to trial.

11      The complaint is therefore **dismissed,** and all dates and deadlines are **vacated**.  The
12  Clerk's Office is instructed to **close the case**.

13      IT IS SO ORDERED.
14  DATED: October 8, 2025.

                              SENIOR UNITED STATES DISTRICT JUDGE