UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Eckhardt,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Dynamic Gaming Solutions, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-01747-KJM-AC<br><br>ORDER |

In a previous order, the court dismissed this action as a sanction for plaintiff Chris Eckhardt's failure to comply with the court's orders, including in the preparation of this case for trial. *See* Prev. Order (Oct. 9, 2025), ECF No. 75. Eckhardt then filed an "ex parte letter brief" requesting review by the Chief Judge of this District. ECF No. 77. The court construes this filing as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, as it was filed within 28 days of the judgment.[1] *See* Fed. R. Civ. P. 59(e).

---

[1] The court does not construe the motion as a judicial conduct or disability complaint under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–64. If Eckhardt intended to pursue such a complaint, he is referred to the Frequently Asked Questions page on the website for the United States Courts at https://www.uscourts.gov/administration-policies/judicial-conduct-disability/faqs-filing-a-judicial-conduct-or-disability-complaint-against-a-federal-judge.

The court also notes that an appeal, not a complaint to the Chief Judge, is the ordinary procedure for challenging a district court's orders and a final judgment. *See* 28 U.S.C. § 1291; Fed. R. App. P. 3; E.D. Cal. L.R. 146.

1    "A district court generally should not grant a Rule 59(e) motion in the absence of 'newly
2    discovered evidence,' 'clear error,' or 'an intervening change in the controlling law.'" *Wells
3    Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (quoting
4    *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A Rule 59(e) motion
5    'may not be used to raise arguments or present evidence for the first time when they could
6    reasonably have been raised earlier.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*,
7    229 F.3d 877, 890 (9th Cir. 2000)).
8    Eckhardt does not offer newly discovered evidence, cite intervening changes in the law, or
9    identify clear errors in this court's previous decisions. His motion also raises many of the same
10   arguments and claims of malfeasance by defense counsel and court staff that this court considered
11   when it decided to dismiss this action. The filing at ECF No. 77, construed as a motion to alter or
12   amend the judgment under Rule 59(e), is therefore **denied**.
13   IT IS SO ORDERED.
14   DATED: December 5, 2025.
15
                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE